## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| RETHA A. ALLEN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-12-147-JHP-KEW |
| | ) | |
| CAROLYN W. COLVIN, Acting | ) | |
| Commissioner of Social | ) | |
| Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## **REPORT AND RECOMMENDATION**

Plaintiff Retha A. Allen (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be AFFIRMED.

### **Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on July 23, 1968 and was 42 years old at the time of the ALJ's decision. Claimant obtained her GED and completed one year of college. Claimant has worked in the past as a data entry clerk. Claimant alleges an inability to work beginning September 9, 2010 due to limitations resulting from asthma, bronchitis, migraine headaches, mental problems, diabetes,

3

high blood pressure, and cholesterol problems.

## Procedural History

On September 25, 2009, Claimant protectively filed for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On February 18, 2011, an administrative hearing was held before ALJ Osly F. Deramus in Ada, Oklahoma. On April 5, 2011, the ALJ issued an unfavorable decision on Claimant's application. The Appeals Council denied review of the ALJ's decision on February 15, 2012. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she did not meet a listing and retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels with some limitations.

## Errors Alleged for Review

Claimant asserts the ALJ committed error in: (1) engaging in a faulty credibility analysis; and (2) failing to obtain a

4

competent consultative psychiatric examination.

## Credibility Analysis

In his decision, the ALJ determined Claimant suffered from the severe impairments of affective mood disorder (depressive disorder, bipolar disorder, personality disorder, and depressive disorder depression). (Tr. 13). He concluded Claimant retained the RFC to perform a full range of work at all exertional levels except that due to psychologically based factors, Claimant had some limitations but is able to understand, remember, and carry out simple, but not complex instructions under routine supervision. The ALJ found Claimant could adapt to a work setting but could not relate effectively to the public but is able to work in a setting with a small number of familiar coworkers and supervisors. (Tr. 16).

The ALJ explained Claimant's alleged mental impairments in stating

> She indicated that her depression has worsened to where she cannot function on a daily basis. At the hearing, she testified to attending counseling once every two weeks for depression, racing thoughts, and low energy, stress, and mood changes. She felt that her medications work "somewhat" but did not thing they were currently working. She described having depression for a week at a time in which she does not want to bathe or do anything. (Tr. 16).

With regard to Claimant's credibility, the ALJ found her impairment could reasonably be expected to cause the alleged

symptoms but that Claimant's statements concerning the intensity, persistence and limiting effects of these symptoms were not credible to the extent they are inconsistent with the above residual functional capacity assessment. (Tr. 17). Claimant contends this statement is insufficient boilerplate language which fails to meet the ALJ's obligation to make credibility findings.

It is well-established that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." Kepler v. Chater, 68 F.3d 387, 391 (10th Cir. 1995). "Credibility determinations are peculiarly in the province of the finder of fact" and, as such, will not be disturbed when supported by substantial evidence. Id. Factors to be considered in assessing a claimant's credibility include (1) the individual's daily activities; (2) the location, duration, frequency, and intensity of the individual's pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the individual takes or has taken to alleviate pain or other symptoms; (5) treatment, other than medication, the individual receives or has received for relief of pain or other symptoms; (6) any measures other than treatment the individual uses or has used to relieve pain or other symptoms (e.g., lying flat on

his or her back, standing for 15 to 20 minutes every hour, or sleeping on a board); and (7) any other factors concerning the individual's functional limitations and restrictions due to pain or other symptoms. Soc. Sec. R. 96-7p; 1996 WL 374186, 3.

While this Court might agree with Claimant that the single boilerplate sentence would be insufficient, the ALJ did not stop with this sentence. He noted Claimant's treatment with counseling and medication from November of 2008 through February of 2011 at the Wewoka PHS Indian Health Center for her mental health issues. He determined that the treatment records found Claimant to have good results when she abstains from alcohol and drugs and takes her medications as prescribed. The records indicated inconsistent control of her alcoholic drinking and of taking medications. Despite these failings, she appeared alert and oriented. (Tr. 17). The ALJ also acknowledged the findings of Dr. Beth Teegarden in a consultative examination in December of 2009, wherein it was concluded psychopharmacological intervention had been useful in managing Claimant's mood and anxiety. (Tr. 17). The ALJ's decision also reflected treatment records from October of 2009 through August of 2010 which indicated Claimant was doing well with medication. (Tr. 17-18). He also noted, however, that Claimant relapsed in September of 2010 with alcohol use but that the condition improved

7

after Christmas. (Tr. 18).

The ALJ also stated Claimant had moved into an apartment and was able to take care of household chores. She also attended church and participated in activities. (Tr. 18).

The ALJ found Claimant's 30 arrests, criminal activity, and illicit drug use reflected negatively upon her credibility. Claimant's actions in this regard also "weakens the reliability of her self-reports." (Tr. 19). The ALJ also found none of Claimant's treating physicians had concluded she suffered from greater limitations than reflected in the decision. (Tr. 19).

Claimant does not challenge the accuracy of the ALJ's factual findings based upon the medical record. Given the ALJ's linking of the medical evidence with the findings on credibility, this Court concludes that the ALJ properly assessed Claimant's credibility in light of the medical record.

**Duty to Obtain a Consultative Psychiatric Examination**

Claimant contends the ALJ should not have relied upon the report of the consultative examiner, Dr. Teegarden because (1) she is not board certified in her discipline; and (2) she did not perform the appropriate psychological testing to reach a conclusion as to Claimant's mental status in accordance with the *Diagnostic and Statistical Manual of Mental Disorder (DSM)*. As a result, Claimant

asserts the ALJ should have ordered an additional psychiatric consultative examination with competent testing.

As to Dr. Teegarden's competency, while a particular website indicates Dr. Teegarden is "Psychiatry - Board Certified," this certification is not determinative under the Social Security Act and its attendant regulations as to whether the consultative physician is competent. Dr. Teegarden is a doctor of osteopathic medicine with "certification" by the American Osteopathic Association in psychiatry. Claimant did not object to Dr. Teegarden's competency prior to her rendering an opinion. 20 C.F.R. § 416.919j. This Court finds nothing in the record which would cause a wholesale rejection of Dr. Teegarden's report as incompetent.

More important to this Court's analysis are Dr. Teegarden's examination and findings. Dr. Teegarden's report complies with the regulations governing content. 20 C.F.R. § 416.919n(c)(1-7). The fact that Claimant is critical Dr. Teegarden did not conduct further testing does not render her report deficient as the regulations do not dictate mandatory testing required for an assessment. It was not error for the ALJ to rely upon Dr. Teegarden's report.

As for the requirement that the ALJ order an additional consultative examination, the burden to prove disability in a social security case is generally on the claimant, and to meet this burden,

9

the claimant must furnish medical and other evidence of the existence of the disability. Branam v. Barnhart, 385 F.3d 1268, 1271 (10th Cir. 2004) citing Bowen v. Yuckert, 482 U.S. 137, 146 (1987). A social security disability hearing is nonadversarial, however, and the ALJ bears responsibility for ensuring that "an adequate record is developed during the disability hearing consistent with the issues raised." Id. quoting Henrie v. United States Dep't of Health & Human Services, 13 F.3d 359, 360-61 (10th Cir. 1993). As a result, "[a]n ALJ has the duty to develop the record by obtaining pertinent, available medical records which come to his attention during the course of the hearing." Id. quoting Carter v. Chater, 73 F.3d 1019, 1022 (10th Cir. 1996). This duty exists even when a claimant is represented by counsel. Baca v. Dept. of Health & Human Services, 5 F.3d 476, 480 (10th Cir. 1993). The court, however, is not required to act as a claimant's advocate. Henrie, 13 F.3d at 361. The primary consideration on review is whether the record was sufficiently developed to reflect (1) the nature of a claimant's alleged impairments; (2) the ongoing treatment and medication the claimant is receiving; and (3) the impact of the alleged impairment on a claimant's daily routine and activities. Musgrave v. Sullivan, 966 F.2d 1371, 1375 (10th Cir. 1992). When a claimant is represented by counsel at the

administrative hearing, the ALJ should ordinarily be able to rely upon the claimant's counsel to present the claimant's case in a way such that all claims are adequately explored without imposing an additional duty to develop the record on the ALJ. Hawkins v. Chater, 113 F.3d 1162, 1167-1168 (10th Cir. 1997). As a result, an ALJ is not required "to order a consultative examination unless the need for one is clearly established in the record." Id. at 1168.

The evidence in the record did not give rise to a clear need for an additional consultative examination. Thus, this Court finds no error in the ALJ's failure to employ the services of an additional consultative examiner.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **AFFIRMED.** The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief. Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on

such findings.

DATED this 15th day of August, 2013.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE